UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BOYER,　　　　　　　　　　　　No. 08-13382

　　　　　Plaintiff,　　　　　　　　　　　District Judge Marianne O. Battani

v.　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

HOME DEPOT U.S.A., INC.,

　　　　　Defendant.
　　　　　　　　　　　　　　　　　　　　　/

**OPINION AND ORDER**

　　Plaintiff originally filed this case in the Oakland County, Michigan Circuit Court, pursuant to Michigan's Whistleblowers' Protection Act, M.C.L. § 15.316, *et seq*. Defendant removed the case to this Court on August 5, 2008, under 28 U.S.C. § 1332 (diversity jurisdiction). Before the Court is Plaintiff's Motion to Strike Defendant's Supplemental Rule 26 Disclosures, Second Amended Answers to Interrogatories, and Second Amended Responses to Requests to Produce [Docket #41]. Oral argument was held on March 23, 2010. For the reasons discussed below, Plaintiff's Motion will be GRANTED.

**I.　FACTS**

　　Trial in this case is scheduled to begin on April 19, 2010. On February 3, 2010, Defendant served Plaintiff with supplemental initial disclosures under Fed.R.Civ.P. 26(a), second amended interrogatory responses, and second amended responses to Plaintiff's requests to produce. The supplemental Rule 26 disclosures reveal for the first time that there are six other employees Defendant contends were terminated for the same reason it fired Plaintiff, that is, pursuing a suspected shoplifter "in a manner that created a safety

-1-

risk to himself," in violation of Home Depot's Asset Protection Policy. *See Plaintiff's Motion* [Docket #41], Exhibit F, with attached documents numbered 1 to 17. Defendant stated in the supplemental disclosure that "Documents numbered 1 to 17 [were] discovered by Elsa Verrier...." *Id.* These newly revealed witnesses and incidents are also referenced in Defendant's supplemental responses to interrogatories and document requests. *Id.*, Exhibits G and H.

The following chronology is pertinent to this Motion:

On August 28, 2008, Defendant served its initial Rule 26 disclosures, along with answers to interrogatories and document requests. In its disclosures, Defendant identified Elsa Verrier as a possible witness, stating, "Ms. Verrier, a current employee, may testify to her employment by Home Depot generally, Plaintiff's employment, Home Depot's policies and procedures, and admissions by Plaintiff, as well as other matters relevant to this litigation." *Plaintiff's Brief* [Docket #41], Exhibit A.

On October 27, 2008, Defendant served amended responses to interrogatories and requests to produce. In response to Interrogatory #2, Defendant identified Elsa Verrier as "an Associate Relations Manager who Ms. Dees consulted during the investigation." *Id.*, Exhibit D; *Defendant's Response* [Docket #45], Exhibit 3, p.5. Ms. Dees was the District Human Resources Manager who "was responsible for drafting Plaintiff's termination Discipline Notice." *Id.*, p.4.

The original discovery cut-off date was February 6, 2009. This was extended twice, with the final discovery cut-off being May 7, 2009. Eleven depositions were taken, and a substantial amount of written discovery appears to have been exchanged.

On June 12, 2009, Defendant filed a motion for summary judgment, which was denied on October 21, 2009.

On January 14, 2010, a settlement conference was held. Ms. Verrier appeared on behalf of Defendant as the person with settlement authority.

On February 3, 2010, Defendant produced the supplemental discovery at issue in this motion.

## II. LEGAL PRINCIPLES

A party is required to identify, as part of its Rule 26 initial disclosures, all individuals "likely to have discoverable information ... that the disclosing party may use to support its claims or defenses ...." Fed.R.Civ.P. 26(a)(1)(A)(I). Rule 26(e) requires timely supplementation of initial disclosures or other discovery requests:

> "(e) Supplementation of Disclosures and Responses.
>
> (1) In General.
>
> A party who has made a disclosure under Rule 26(a)-or who has responded to an interrogatory, request for production, or request for admission-must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing...."

A responding party "has an obligation to conduct a reasonably inquiry into the factual basis of its [discovery] responses...." *Superior Communications v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D.Cal. 2009). *See also Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D.Cal.2006)("[A] party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, and, based on that inquiry, a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." (citations and quotation omitted)).

Rule 37(c)(1) provides that evidence that was not disclosed to the other party during discovery "is not, unless such failure is harmless, permitted to [be] use[d] as evidence at a trial, at a hearing, or on a motion." *See Bell v. Prefix, Inc*., 2009 WL 3614353, *4 (E.D. Mich. 2009).

### III. DISCUSSION

Defendant objects to this motion on two general grounds. First, it argues that the Plaintiff did not make a clear request in its interrogatories or requests to produce for comparative employees who where discharged for similar conduct. Secondly, Defendant contends that its counsel did not become aware of this information until January of 2010, and that counsel promptly disclosed the information when Elsa Verrier provided it to him.

Plaintiff's Interrogatory #2 sought the identity of every witness who Defendant may call at trial, the subject matter upon which the witness would testify, the anticipated testimony of the witness, and the identification of any documents provided to or by the witness. Interrogatory #3 requested the identification of every document Defendant intends to use as an exhibit at trial. Request to Produce #8 sought production of the documents that Defendant intends to introduce at trial. While these discovery requests are somewhat general, they are sufficient to have reasonably put Defendant on notice that information about comparative terminations–not an uncommon area of inquiry in employment cases–should be produced. Indeed, Defendant's second supplemental responses, served on February 3, 2010, contained information about the comparatives.

More significantly, at oral argument, Defendant's counsel represented that during depositions, including that of Aaron Cermark, the Regional Vice President who made the decision to fire the Plaintiff, the issue of comparative terminations arose. Mr. Cermark, who was deposed in May of 2009, testified that he thought there were other employees

who had been terminated for similar conduct, but could not remember specifics. Certainly at this point, Defendant was aware that comparatives were potentially at issue. Moreover, counsel stated that he questioned Ms. Verrier and Mr. Carmark about this information both before and after May of 2009, but that no concrete information was forthcoming. It was not until January 30, 2010 that Ms. Verrier finally produced specific documentation to counsel.[1]

Again, a party has an obligation to conduct a reasonable inquiry when responding to discovery requests. *Farber & Partners, Inc. v. Garber, supra.* In this case, while Defendant's counsel requested the information on comparatives from his client, it appears to have been the client itself that was less than diligent in answering the request. In *Thomas v. Paulson*, 507 F.Supp.2d 59, 80 (D.D.C. 2007), the court, declining to consider the affidavit of a late-disclosed witness in the context of a summary judgment motion, remarked:

> "As a result, and purely because of what appears to be either the plaintiff's attorney's lack of diligence in identifying Fletcher as a witness *or the plaintiff's failure to timely make Fletcher's identity known to his attorney*, the defendant was denied the opportunity to depose Fletcher and thereby test the statements made in the affidavit." (Emphasis added).

*See also Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 626 (D.Colo. 2007)("Rule 34 also imposed on Defendants an affirmative duty to seek information reasonably available through Land O'Lakes' employees, agents and others subject to their control"). *Cache La Poudre* cited a number of other cases for the proposition that a *party* has an affirmative obligation to produce discovery. *See, e.g., Anderson v. Cryovac, Inc.,* 862 F.2d 910, 929 (1st Cir.1988) ("once a proper discovery

---

[1] It thus appears that even if Plaintiff had made a very specific request, the Defendant would not have produced the documentation any earlier than January of 2010.

request has been seasonably propounded, we will not allow a party sentiently to avoid its obligations by ... failing to examine records within its control"); *Farber and Partners, Inc. v. Garber, supra*, 234 F.R.D. at 189 (a party has an obligation to conduct a reasonable inquiry in the course of responding to requests for production); *Finkelstein v. District of Columbia,* 1987 WL 14976, *6 (D.D.C.1987) (suggesting that Rule 34 contemplates that a party will conduct a diligent search through all likely repositories of records). In *In re Independent Service Organizations Antitrust Litigation,* 168 F.R.D. 651, 653 (D.Kan.1996), the court held that a party cannot meet its discovery obligations by "sticking its head in the sand and refusing to look for the answer and then saying it does not know the answer."

Discovery in this case has long been closed. A summary judgment motion was filed and ruled upon. Trial is less than a month away. The information regarding the six allegedly comparative terminations ranges as far back as September 18, 2007 to July 19, 2009, and the records documenting the terminations were generated shortly after the incidents. *See Plaintiff's Brief*, Exhibit F.[2] Defendant Home Depot clearly had possession of these documents, yet through a lack of diligence failed to produce them until the 11th hour. The prejudice to Plaintiff in permitting this evidence at trial is obvious. Moreover, to extend discovery so that Ms. Verrier and the six terminated employees–at a minimum–could be deposed would unduly delay the trial of this case and increase the prejudice to Plaintiff, who would be required to undertake a "new and expensive round of discovery." *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995).

---

[2] The specific dates of the claimed comparative incidents are September 18, 2007 (three employees were fired as a result of the same incident); August 5, 2008; April 22, 2009; and July 19, 2009.

## IV.    CONCLUSION

The Defendant did not undertake a diligent and reasonable inquiry in order to timely supplement either its initial disclosures under Rule 26(a) or it discovery responses, as required by Rule 26(e).  Therefore, pursuant to Rule 37(c)(1), Plaintiff's Motion to Strike Defendant's Supplemental Rule 26 Disclosures, Second Amended Answers to Interrogatories, and Second Amended Responses to Requests to Produce [Docket #41] is GRANTED. The Defendant's Supplemental Rule 26 disclosures, Second Amended Answers to Interrogatories and Second Amended Responses to Requests to Produce shall be STRICKEN, and Defendant's late-disclosed evidence regarding the six comparative terminations may not be used at trial.  The Court, in its discretion, will not impose monetary Rule 37 sanctions.

    IT IS SO ORDERED.


    S/R. Steven Whalen
    R. STEVEN WHALEN
    UNITED STATES MAGISTRATE JUDGE

Dated:  March 26, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 26, 2010.

    S/G. Wilson
    Judicial Assistant